UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>                Plaintiff,<br>v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS et al.,<br><br>                Defendants. | CASE NO. 3:23-cv-05711-TL-SKV<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge S. Kate Vaughan (Dkt. No. 39) and Plaintiff Joseph Tyler Littlefield's Objection to Report and Recommendation (Dkt. No. 40) ("Plaintiff's Objection"). Having reviewed the Report and Recommendation, Plaintiff's Objection, Defendants' response to Plaintiff's Objection (Dkt. No. 43), and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

ORDER ADOPTING REPORT
AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff filed this action against Defendant Washington Department of Corrections ("DOC") and some of its employees, raising claims relating to her[1] confinement at the Clallam Bay Corrections Center and events that occurred in or around March of 2021. Dkt. No. 1-2. Plaintiff claims she attempted to submit a complaint form detailing the March 2021 events on April 19, 2021, but never received any response from DOC staff. *Id.* at 12. Defendants moved for summary judgment based on a failure to exhaust administrative remedies. Dkt. No. 10. Despite being granted an extension of time to file an opposition, Plaintiff failed to do so. Dkt. No. 39 at 3.

Judge Vaughan recommends granting Defendants' motion because they produced evidence of the existence of an available administrative remedy and Plaintiff's failure to exhaust that remedy while Plaintiff failed to show either that she had exhausted her remedies or that the resolution process was unavailable to her. *Id.* at 8. Therefore, Judge Vaughan recommends the matter be dismissed with prejudice and that the other pending motions are moot. *Id.*

## II. LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

---

[1] In Plaintiff's Objection, Plaintiff uses the pronoun "she." Therefore, the Court will use feminine gender pronouns when referring to Plaintiff in this Order.

instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

### III. DISCUSSION

Plaintiff filed a timely objection alleging that she submitted her opposition to Defendants' motion for summary judgment on October 23, 2023, but that Defendants' employees failed to file the opposition which, in turn, has jeopardized her case and other pending motions. Dkt. No. 40 at 2–3. Plaintiff asserts that on Monday, October 23, 2023, Venetta Jackson, the law library technician, responded to Plaintiff's request for scanning services, took documents including the opposition to the motion for summary judgment, returned the documents in about ten minutes, and told her that the documents had been electronically filed. Dkt. No. 40 at 7. Plaintiff further declares that Jackson failed to properly scan the motion which is the reason the opposition was not timely filed on the court docket. *Id.*

However, Defendant provides a declaration from Jackson that Plaintiff could not have given her any legal paperwork to file on Monday, October 23, 2023, because she does not work on Mondays. Dkt. No. 44 ¶ 15. Further, Jackson declares that an inmate must send a kite (an intra-facility form to request services) requesting legal services. *Id.* ¶ 4. Jackson has no record of any kite from Plaintiff requesting scanning services on or about October 23.[2] *Id.* ¶ 15. However, Jackson did have kites from Plaintiff on October 25 and 26, 2023. *Id.* ¶¶ 11–13; *see also id.* at 11–15. As a result, on October 25, 2023, Jackson scanned and filed legal documents for Plaintiff in Western District of Washington Case No. 23-cv-790, and on November 2, 2023, she filed a declaration for Plaintiff (Dkt. No. 25) as well as a request for copies of documents (Dkt. No. 26)

---

[2] While Plaintiff has included kites that she filed with a number of her pleadings, she does not include a copy of any kite requesting legal services for October 23, 2023.

in this case. Dkt. No. 44 ¶¶ 12–13. The evidence provided by Defendants rebuts Plaintiff's assertion that she requested the opposition to the motion for summary judgment be filed on October 23, 2023. Therefore, the Court OVERRULES Plaintiff's objection.

Even if Plaintiff's opposition had been filed in a timely manner, dismissal would still be appropriate. In her opposition, Plaintiff asserts she received no response to her grievances filed on March 20 and 29, 2021, and April 19, 2021. Dkt. No. 40 at 10–11. However, her request for an extension of time also raised this issue (Dkt. No. 13 at 4; Dkt. No. 14 ¶¶ 4–7), and Judge Vaughan addressed this set of grievances in detail, concluding that Plaintiff requested to withdraw the grievance. Dkt. No. 39 at 7. Plaintiff claims for the first time in her declaration supporting her opposition that the request to withdraw her grievance regarding the March 16 incident was forged. Dkt. No. 40 at 18. Plaintiff further claims that she saw the withdrawal request for the first time with Defendant's summary judgment motion. *Id.* Plaintiff did not mention this alleged forgery in her request for an extension of time even though she had seen the document at the time she filed the request. Further, the Ninth Circuit "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.1996)); *see also Opara v. Yellen*, 57 F.4th 709, 726 (9th Cir. 2023) (same); *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1180 (9th Cir. 2022) (finding a single favorable statement, "without more," insufficient to support a jury finding in favor of plaintiff).

For the foregoing reasons, it is hereby ORDERED:

(1)   The Report and Recommendation is ADOPTED.

(2)   Defendants' Motion for Summary Judgment (Failure to Exhaust Administrative Remedies) (Dkt. No. 10) is GRANTED.

      (3)     Plaintiff's Verified Complaint and this action are DISMISSED with prejudice.

      (4)     Defendants' Motion to Compel Discovery (Dkt. No. 21), Plaintiff's Motion for a Protective Order (Dkt. No. 23), and Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 31), are STRICKEN as moot.

      (5)     The Clerk is DIRECTED to send copies of this Order to the Parties and to Judge Vaughan.

Dated this 25th day of January 2024.

Tana Lin
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 5