1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11  JOSEPH TYLER LITTLEFIELD,                    CASE NO. 3:23-cv-05711-TL-SKV

12              Plaintiff,                        ORDER ON MOTION FOR
         v.                                       RECONSIDERATION

13
     WASHINGTON DEPARTMENT OF
14   CORRECTIONS et al.,

15              Defendants.

16

17        This matter is before the Court on Plaintiff Joseph Tyler Littlefield's Motion for

18  Reconsideration Pursuant to Fed. R. Civ. P. 59(e). Dkt. No. 51. Having reviewed the relevant

19  record, the Court DENIES the motion.

20        Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend a

21  judgment no later than 28 days after the entry of the judgment. "Since specific grounds for a

22  motion to amend or alter are not listed in the rule, the district court enjoys considerable

23  discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111

24  (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en

ORDER ON MOTION FOR
RECONSIDERATION - 1

banc) (per curiam)). "But amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id.* (quoting *McDowell*, 197 F.3d at 1255 n.1).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* "[C]ourts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Walker v. Beshara*, No. C20-1050, 2024 WL 71721, at *2 (E.D. Cal. Jan. 5, 2024) (quoting *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, No. C17-233, 2018 WL 4945214, at *6 (D. Or. Aug. 22, 2018)).

Plaintiff moves to reconsider because "a manifest injustice was created when the Court reached a decision based on a mistake in fact" (Dkt. No. 51 at 2), the mistake being whether she filed her opposition to Defendants' motion for summary judgment ("Opposition") in a timely manner.[1] Plaintiff asserts that she stated in her declaration accompanying her objection to the Report and Recommendation (Dkt. No. 41) that the *approximate* date of the error by the law librarian in submitting Plaintiff's Opposition was October 23, 2023. *Id.* at 2–3.

While Plaintiff does vaguely state in her declaration that "[o]n or about October 23, 2023, 'ILT' Jackson responded to my properly submitted request for scanning services" (Dkt. No. 40 at 7), she also states in the same declaration, "Jackson failed to properly scan the motion opposing summary judgement on the date of October 23, 2023[,] when I submitted it to her to be

---

[1] The Court uses Plaintiff's pronouns of choice. *See* Dkt. No. 51 at 1.

ORDER ON MOTION FOR
RECONSIDERATION - 2

filed electronically" (*id.*). Plaintiff also states in her objection that "[o]n the date of October 23, 2023, Plaintiff submitted a motion opposing summary judgment to Defendants Washington 'DOC' employee Venetta Jackson for electronic filing with this Court." *Id.* at 2. More important for the instant motion, the Court considered Plaintiff's opposition to Defendants' motion for summary judgment in its Order, despite finding that Plaintiff did not file her Opposition in a timely manner. Dkt. No. 47 at 4. The Court also explained why dismissal would still be appropriate even if Plaintiff's Opposition had been filed in a timely manner. *Id.*

For all these reasons, Plaintiff does not meet her burden of demonstrating a manifest injustice. *See All. for Wild Rockies v. U.S. Forest Serv.*, No. C19-445, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020) ("'Manifest injustice,' as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue.").

Accordingly, Plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Dkt. No. 51) is DENIED.

Dated this 7th day of February 2024.

Tana Lin
United States District Judge

ORDER ON MOTION FOR
RECONSIDERATION - 3