UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br><br>WASHINGTON DEPARTMENT OF<br>CORRECTIONS et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 3:23-cv-05711-TL-SKV<br><br>ORDER ON MOTION<br>TO TAX COSTS |

This is a *pro se* prisoner civil rights action. On January 25, 2024, the Court entered judgment in favor of Defendants and against Plaintiff Joseph Tyler Littlefield for failure to exhaust administrative remedies. Dkt. No. 48; *see also* Dkt. No. 57 (denying motion for reconsideration). This matter is before the Court on Defendants' Motion to Tax Costs. Dkt. No. 49. Having reviewed Plaintiff's response (Dkt. No. 60) and the relevant record, the Court DENIES the motion.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule

ORDER ON MOTION
TO TAX COSTS - 1

54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). "Notwithstanding this presumption, the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Id.* (citing *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012)).

However, "[t]hat discretion is not unlimited." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). "A district court must 'specify reasons' for its refusal to award costs." *Id.* (quoting *Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978)). The Ninth Circuit has held that

> [a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficult of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not 'an exhaustive list of "good reasons" for declining to award costs,' but rather a starting point for analysis.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am Educators*, 231 F.3d at 592–93). Of particular interest here, "proceeding in forma pauperis does not, by itself, exempt a prisoner from paying costs." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). "Thus, the final two factors must be considered in the context of the record as a whole." *Id.*

Defendants seek $305, the cost of obtaining transcripts associated with an attempted deposition of Plaintiff, scheduled for October 12, 2023. Dkt. No. 49 at 1–2; *see also* Dkt. No. 50 (redacted invoice); Dkt. No. 21 (motion to compel) at 1. Defendants state that "Plaintiff refused to be deposed." Dkt. No. 49 at 2; *see also* Dkt. No. 21 at 1. In response, Plaintiff alleges that "Defendants engaged in acts of impropriety" in that they "did in fact threaten Plaintiff with physical assault for participating in civil litigation, including the deposition in this case." Dkt.

ORDER ON MOTION
TO TAX COSTS - 2

No. 60 at 2. Plaintiff alleges that the threat was "carried out" on November 21, 2023, when Plaintiff was attacked by two other prisoners whom Plaintiff alleges were "acting on behalf of" Defendants.[1] *Id.* at 2; *see* Dkt. No. 61 (Plaintiff declaration) at 2; *id.* at 5 (incident report).

Here, the Court finds that an award of costs is not appropriate. The Court starts with the fact that although Plaintiff refused to participate in the deposition, she attempted to register her objection with Defendants in advance: she sent a "Notice of Objection to Deposition" that was dated October 3, 2023, postmarked October 6, 2023, and received by Defendants on October 11, 2023. *See* Dkt. No. 22-1 (notice). While Plaintiff could have moved for a protective order, Plaintiff is *pro se*, and she attempted to notify Defendants of her objection sufficiently in advance of the deposition. Plaintiff is incarcerated, and she is not responsible for the delay in the physical transport of her mailing or its processing by Defendants. Having received the notice one day before the deposition, Defendant could have canceled the deposition and perhaps only have incurred a late cancellation fee. Defendants also could have avoided the unnecessary costs it now seeks by moving the Court in advance to compel the deposition instead of proceeding on October 12, 2023.

Other circumstances also caution against an award of costs. While Defendants prevailed, this matter was dismissed based on Plaintiff's failure to exhaust remedies (*see* Dkt. No. 47); without further development, it cannot be said that the underlying allegations of Plaintiff's complaint were without merit or not of substantial public importance. And considering the above facts and the complete record in this case, the Court also notes Plaintiff's limited financial resources and the vast economic disparity between Plaintiff, a *pro se* prisoner, and Defendants, a

---

[1] Plaintiff also argues that the motion should be denied because Defendants did not provide a sworn declaration as required by LCR 54(d)(1). Dkt. No. 60 at 4. But Defendants provided a Bill of Costs form that is sworn and explicitly permitted by the rule. *See* Dkt. No. 49-1 (sealed).

ORDER ON MOTION
TO TAX COSTS - 3

state correctional agency and its employees. *See* Dkt. No. 1-3 at 5–6 (finding of indigency and waiver of fees and surcharges); *see also Draper*, 836 F.3d at 1089 ("There is no comparison between [plaintiff's] limited resources and those of the state of California, which bore the defense costs.").

For all these reasons, the Court DENIES Defendants' Motion to Tax Costs (Dkt. No. 49).

Dated this 22nd day of February 2024.

Tana Lin
United States District Judge